IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SNJEZANA JELACA BAGIC, | ) |
| | ) |
| Plaintiff, | ) 2:18-cv-511-NR |
| | ) |
| v. | ) |
| | ) |
| UNIVERSITY OF PITTSBURGH, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

After a jury returned a verdict in Defendants' favor, Plaintiff Dr. Bagic now moves for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. ECF 156. She argues that the Court made two errors that require a new trial: first, that the Court erred in a portion of its jury instructions; and second, that the Court erred in an answer it provided to the jury in response to a question the jury raised during deliberations. Defendants Dr. Costello and the University of Pittsburgh filed an opposition brief (ECF 160) and Dr. Bagic filed a reply (ECF 161). After careful consideration, and for the reasons discussed below, the Court denies Dr. Bagic's motion.

Where, as here, the alleged errors concern the Court's jury instructions, the Court "must first determine whether an error was made, and must then determine whether that error was so prejudicial that refusal to grant a new trial would be inconsistent with substantial justice." *Jackson v. City of Pittsburgh*, No. 07-111, 2011 WL 3443951, at *8 (W.D. Pa. Aug. 8, 2011) (Fischer, J.) (cleaned up). That is, "a new trial is warranted only if the instructions, taken as a whole, fail to fairly and adequately present the issues in the case without confusing or misleading the jury." *Prum v. Crisante*, No. 14-4829, 2016 WL 7201233, at *1 n.1 (E.D. Pa. April 29, 2016) (citing *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 79 (3d Cir. 2009))

(cleaned up). Further, to warrant a new trial, the purported errors must be "substantial." *Murray v. Ennis*, 523 F. App'x 901, 902 (3d Cir. 2013) ("Under Rule 59(a), a District Court has the discretion to grant a new trial on claims of … erroneous jury instructions when it finds that those errors are substantial." (citing *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940))).

The Court finds no errors here, much less a substantial one.

### I. The Court's jury instruction was not erroneous.

Dr. Bagic first asserts that the Court's jury instruction regarding the relevance of Dr. Noonan's actions, motivations, or statements was erroneous, so a new trial is warranted.[1] The Court disagrees.

To begin with, Dr. Bagic waived her current argument that the jury instruction was erroneous as a matter of law. That is, Dr. Bagic did not object to the provided instruction at trial as legally *erroneous*; her objection, instead, was that the instruction was redundant or unnecessary.[2] *See* 11/18/2021 Trial Tr., pp. 21-25. She therefore waived this purported basis for a new trial. *See, e.g., Lesende v. Borrero*, 752 F.3d 324, 335 (3d Cir. 2014) ("Federal Rule of Civil Procedure 51 provides that a party objecting to either a jury instruction or the lack of an instruction must raise the objection 'on the record, stating distinctly the matter objected to and the grounds for

---

[1] The jury instruction stated, in relevant part: "You must not consider Dr. Noonan's actions, motives, or statements to be evidence that Dr. Costello or the University discriminated against Dr. Bagic. Dr. Noonan's actions, motives, or statements are not attributable to Dr. Costello or the University. This evidence is only relevant if you find that the University or Dr. Costello relied on any biased or false statements by Dr. Noonan that the University or Dr. Costello knew to be biased or false."

[2] For example, at trial, Dr. Bagic's counsel argued that this instruction was unnecessary because the matter is an "evidentiary issue for the jury" and "should be left to the jury under the evidence instructions." 11/18/2021 Trial Tr., pp. 22, 24. Counsel also agreed that Dr. Noonan's biases, motives, and actions are ultimately "not relevant. It's relevant as to what the University and Dr. Costello knew." *Id.* at p. 24.

the objection.' Such an objection must be both cogent and *specific to the alleged error.* As a general rule, a party who fails to either cogently raise a specific objection or state the grounds of the objection at trial waives related arguments on appeal." (citations omitted) (emphasis added)); *Waldorf v. Shuta*, 142 F.3d 601, 629 (3d Cir. 1998) ("[I]t is clear that a party who fails to object to errors at trial waives the right to complain about them following trial."); *Jackson*, 2011 WL 3443951, at *8 ("Generally, a party is not entitled to receive a new trial for objections to evidence that he did not make at or prior to the initial trial, even if they may have been successful." (cleaned up)).

Additionally, Dr. Bagic argues that the jury instruction was erroneous because it's inconsistent with the "cat's paw" theory. But she waived this argument as well, and it cannot be the basis for a new trial because the cat's paw theory was not at issue in the initial trial. *See, e.g.*, *Prum*, 2016 WL 7201233, at *1 n.1 ("[A] new trial is warranted only if the instructions, taken as a whole, fail to fairly and adequately *present the issues in the case* without confusing or misleading the jury." (cleaned up) (emphasis added)).

Dr. Bagic did not raise the cat's paw theory at trial. She did not request any jury instructions on the cat's paw theory. And when the Court stated at trial that Dr. Bagic does not appear to be relying on the theory, her counsel did not disagree. *See* 11/18/2021 Trial Tr., p. 23. Dr. Bagic cannot now invoke the theory for the first time after trial.[3] Thus, Dr. Bagic likewise waived this argument. *See, e.g.*, *Holt v. Pennsylvania*, No. 10-5510, 2018 WL 5617856, at *6 (E.D. Pa. Oct. 30, 2018); *Brandon v. Com., Dep't of Pub. Welfare*, No. 95-5597, 1998 WL 110627, at *2 n.3 (E.D. Pa. Mar.

---

[3] The failure to raise a "cat's paw" theory actually goes beyond simple waiver at trial. Dr. Bagic never pled this theory in her complaint. This is significant, because typically when that theory is placed at issue in the pleadings, it is subject to pre-trial motions practice, including at summary judgment, as well as in motions *in limine* and proposed pre-trial jury instructions and objections. Dr. Bagic cannot now invoke an entirely new and unpled theory of liability at this late juncture.

12, 1998); *Murtha v. Forest Elec. Corp.*, No. 90-3259, 1992 WL 174606, at *11 (E.D. Pa. July 14, 1992).

Even setting aside waiver, however, Dr. Bagic's arguments still fall short, as the jury instruction was a correct statement of the law. To prevail on her claims at trial, Dr. Bagic had to show that the *defendants* intentionally discriminated against her. *See Bagic v. University of Pittsburgh*, 773 F. App'x 84, 86-87 (3d Cir. 2019) ("Invoking 42 U.S.C. §§ 1981 and 1983, Bagic alleges that, based on Costello's biased investigation, the University terminated her employment because of her ethnicity. To establish a right to relief, Bagic must show an *intent to discriminate* on the basis of [ethnicity] *by the defendant*." (cleaned up) (emphasis added)).

Thus, based on Dr. Bagic's legal claims and theories presented at trial, only the intent of Defendants—the University and Dr. Costello—were relevant. It necessarily follows, then, that the only relevance of (non-party) Dr. Noonan's intent or bias was if Defendants knew that they were relying on Dr. Noonan's discrimination against Dr. Bagic, thereby discriminating against Dr. Bagic themselves. Put differently, if Defendants did not know that Dr. Noonan's alleged ethnic discrimination undergirded their employment decision, Defendants could not have intentionally discriminated against Dr. Bagic. *See General Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 382-83 (1982) (rejecting the lower court's determination that a party could "violate[] 42 U.S.C. § 1981 notwithstanding … [that defendant] did not intentionally discriminate against [plaintiff] and neither knew nor had reason to know of the [third party's] discriminatory practices" (cleaned up)); *Peace-Wickham v. Walls*, 409 F. App'x 512, 525 (3d Cir. 2010) ("Claims [under Section 1983] that a supervisor participated in alleged discriminatory behavior must be supported by evidence of personal involvement by the supervisor, or evidence that the supervisor possessed actual knowledge of the discriminatory behavior of others

and acquiesced to their improper conduct." (citation omitted)). The Court's jury instruction adhered to the law, and Dr. Bagic does not show otherwise.[4]

Further, even if Dr. Bagic raised the cat's paw theory at trial, the Court's jury instruction was still correct. This is because Dr. Noonan was not Dr. Bagic's supervisor, so the cat's paw theory did not apply in this case. *See Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2350 (2021) (A plaintiff in a 'cat's paw' case typically seeks to hold the plaintiff's employer liable for the animus of a *supervisor* who was not charged with making the ultimate adverse employment decision." (cleaned up) (emphasis added)); *Sterrett v. Giant Eagle, Inc.*, 681 F. App'x 145, 151 (3d Cir. 2017) ("We allow plaintiffs to proceed under a cat's paw theory if a supervisor exhibiting discriminatory animus influenced or participated in a decision to take an

---

[4] The sole authority Dr. Bagic cites on this point is the Third Circuit's opinion addressing Defendants' motion to dismiss in this case, *Bagic v. University of Pittsburgh*, 773 F. App'x 84 (3d Cir. 2019). *See* ECF 157, pp. 4-5; ECF 161, p. 2. But Dr. Bagic's reliance is misplaced. In this lone cited case, the Third Circuit was reviewing the district court's decision to grant Defendants' motion to dismiss. The Third Circuit thus accepted all of the complaint's allegations as true, and drew all inferences in Dr. Bagic's favor. *Bagic*, 773 F. App'x at 87. Applying this standard, which is inapposite here, the Third Circuit ultimately concluded that discovery supporting her allegations "*could* bolster Dr. Bagic's claim." *Id.* at 88 (emphasis added). Notably, the Third Circuit's decision was based on the allegation that "[Defendant] Costello reported [Dr. Bagic's] statements as a legitimate threat against Noonan 'solely based on her Croatian nationality and background[.]'" *Id.* So even setting aside that the Third Circuit was addressing a motion to dismiss, the Third Circuit's analysis on which Dr. Bagic now relies explicitly assumed that Dr. Costello, himself, discriminated against Dr. Bagic. The Court's jury instruction was entirely consistent with this analysis.

adverse employment action and if such animus was a proximate cause of the ultimate decision." (citations omitted)).[5]

For these reasons, then, the Court determines that a new trial is not warranted based on Dr. Bagic's complaint with the jury instruction.

## II. The Court's response to the jury's question during deliberations was not erroneous.

Dr. Bagic also argues that a new trial is appropriate because the Court erred in responding to the jury's written question, submitted during deliberations, on the "legal definition" of "Croatian ethnicity." Specifically, she asserts that the Court erred by providing the jury with the answer that "Croatian ethnicity" means "the fact of being Croatian." *See* ECF 156-2, p. 1. The Court again disagrees with Dr. Bagic.

First, for similar reasons discussed above, Dr. Bagic waived the argument she now raises. Before answering the jury's question, the Court conferred with all counsel to receive their input, as well as any objections. During this conferral process, Dr. Bagic's counsel provided his preferred definition of the term "ethnicity." *See* 11/19/2021 Trial Tr., pp. 9-12. Upon the Court deciding the response it would give the jury, Dr. Bagic's counsel did not object, but simply stated, "I would rather have the broader definition, Your Honor, but I understand the Court's position. I'll just note that for the record. That's all." *Id.* at p. 12. The Court finds that Dr. Bagic thus waived her new objection raised now. *See, e.g., Bernard v. East Stroudsburg University*, No. 09-525, 2016 WL 755486, at *27 (M.D. Pa. Feb. 24, 2016) ("Where

---

[5] Dr. Bagic cites several non-binding cases from other districts and circuits to support her argument that the cat's paw theory applies to her case (*i.e.*, where the alleged discrimination came from a non-supervisor). ECF 157, pp. 5-6; ECF 161, pp. 3-4. The Court finds these cases unpersuasive, however, given the Third Circuit's clear emphasis that the discrimination come from a supervisor. At the very least, considering the Third Circuit's position on the cat's paw theory, the Court finds that the jury instruction was not a "substantial" error necessary to warrant a new trial. *Murray*, 523 F. App'x at 902.

counsel indicates begrudging acceptance of the court's ruling, there has not been a proper objection, and the ruling cannot be assigned as error on appeal." (cleaned up)).

But even if Dr. Bagic had not waived her objection, she has failed to show that the Court's answer to the jury was erroneous. The Court based its response on the common dictionary definition. *See* 11/19/2021 Trial Tr., pp. 11-12. And neither side had any issues with relying on a dictionary to provide the response to the jury—in fact, Dr. Bagic still relies on a dictionary definition in her argument here. ECF 157, p. 7. Dr. Bagic's dispute is simply that she disagrees with the definition the Court used. But her current disagreement does not make the Court's response erroneous. *See, e.g.*, *Prum*, 2016 WL 7201233, at *1 n.1 ("No litigant has a right to a jury instruction of his choice, or precisely in the manner and words of his own preference." (cleaned up) (quoting *Douglas v. Owens*, 50 F.3d 1226, 1233 (3d Cir. 1995))).

Nor has Dr. Bagic shown that she was prejudiced by the answer the Court provided the jury. Indeed, Dr. Bagic asserted at trial that Defendants discriminated against her because they attributed a "warmongering" tendency to her because of her ethnicity, and her serving as a soldier in an ethnic conflict. *See* ECF 156, ¶ 14 ("Plaintiff's case was that the discrimination was against a Croatian based on the discrimination bias of characteristics of Croatian[s] as being war-mongering."). In other words, according to Dr. Bagic's claim, the crux of the discrimination was the bias that Croatians are synonymous with being warmongering. But the Court's

response to the jury—"the fact of being Croatian"—in no way precluded the jury from finding discrimination based on the alleged equation of Croatians as warmongering.

Thus, the Court's response to the jury's question was neither erroneous nor requires a new trial.

**********************************

For all of these reasons, this **27th day of January, 2022**, the Court hereby **DENIES** Plaintiff's motion for a new trial.  ECF 156.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge